AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of Delaware

**REDACTED**

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

A black LG cell phone seized from MAURICE COOPER on January 15, 2018, at Wilmington, Delaware

Case No. 21-287M

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein

located in the _____ District of _____ Delaware _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C 371 | CONSPIRACY |
| 18 USC 1201 | KIDNAPPING |
| 18 USC 2261 | STALKING |

FILED
OCT 25 2021
U.S. DISTRICT COURT DISTRICT OF DELAWARE

The application is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Joseph Oliver, FBI SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__Cellular Phone__ *(specify reliable electronic means)*.

Date: __10/25/2021__

*Judge's signature*

City and state: __Wilmington, Delaware__

MAGISTRATE JUDGE MARY PAT THYNGE
*Printed name and title*

Confirmed signature & identity of applicant on 10/25/2021

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN THE MATTER OF THE SEARCH OF
a black Apple I Phone cellular telephone
a black LG Cell phone
a black ZTE Cell phone

Case No. 21-285M

Filed Under Seal

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Joseph M. Oliver, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. The United States is investigating the stalking of Markevis STANFORD and kidnapping and homicide of a female victim, Keyonna PERKINS ("PERKINS"), which respectively occurred in the Districts of Delaware and Maryland, by individuals including Maurice COOPER. Thus, the investigation concerns violations of the federal kidnapping statute, 18 U.S.C. § 1201, and the stalking statute, 18 U.S.C § 2261 (collectively, "THE OFFENSES").

2. This affidavit is in support of a search warrant for the cellular telephones seized from MAURICE COOPER identified as a black Apple IPhone, a black LG cell phone, and a black ZTE cell phone, hereinafter "TARGET TELEPHONES," as described in Attachment A, for which there is probable cause to believe that the items listed in Attachment B—evidence of THE OFFENSES—will be found.

### AGENT BACKGROUND

3. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 210(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of

Title 18 of the United States Code. I have been a Special Agent with the FBI for over twenty-two (22) years. I have received on-the-job training regarding the provisions of the Federal Laws administered under Title 18 and Title 21 of the United States Code.

4. Since January of 2013, I have been assigned to the Wilmington, Delaware Resident Agency of the Baltimore Field Office of the FBI, where I am responsible for drug, violent crime, and criminal enterprise investigations. In the course of these investigations, I have participated in the execution of search warrants and the seizure of evidence relating to drug and violent crime activities.

5. I have participated in the investigation and prosecution of individuals involved in kidnapping and/or homicide. I have conducted physical and electronic surveillance, debriefed confidential sources, interviewed witnesses, analyzed telephone records, reviewed records, and reviewed tape recordings of conversations pertaining to homicide and kidnapping. I have participated in the preparation and execution of search warrants resulting in the seizure of DNA and other evidence in violent crime investigations.

6. I am aware that individuals commonly use cellular telephones in furtherance of their criminal activities and frequently change cellular telephone numbers and cellular telephones in an effort to thwart law enforcement's use of electronic surveillance. I am also aware that individuals often speak in vague, guarded, or coded language when discussing their illegal activity in an effort to further prevent detection.

7. The facts set forth in this affidavit are based upon my personal knowledge obtained during my participation in this investigation, review of documents, knowledge obtained from other individuals including law enforcement personnel, and communications with others

who have personal knowledge of the events and circumstances described herein. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of a search warrant, this affidavit does not set forth each and every fact learned by me or other agents during the course of this investigation. The property to be searched are the TARGET TELEPHONES described in Attachment A, which your affiant knows to be in the custody of the Federal Bureau of Investigation. Attachment B details the items to be seized, which are believed evidence of THE OFFENSES; fruits of THE OFFENSES; or property designed for use, intended for use, or actually used in committing THE OFFENSES. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B

## PROBABLE CAUSE

8. For several years prior to June 2017, Defendants Ryan BACON, Michael PRITCHETT, Dion OLIVER, Maurice COOPER, and Teres TINNIN were associates of one another and of Dontae SYKES. In May and June 2017, the above named defendants joined together in an effort to track down and kill Markevis STANFORD as a result of public feuds between Defendants and Stanford.

9. On or around May 10, 2017, STANFORD and his associate saw TINNIN and PRITCHETT on a street in Wilmington, Delaware and robbed them of money and jewelry. Shortly thereafter, TINNIN and PRITCHETT told BACON, OLIVER, COOPER, SYKES, and others about the robbery and identified STANFORD and his associate as being responsible.

10. On or about May 19, 2017, COOPER noticed STANFORD and his associate walking in the Riverside neighborhood. COOPER shot at them several times, and STANFORD

3

and his associate returned fire. That prompted Defendants to communicate with each other, and others, in an effort to locate STANFORD and determine whether he had been arrested and was incarcerated as a result of the shooting.

11. On May 22, 2017, BACON learned that STANFORD was, in fact, in custody. That prompted BACON to send a text message to COOPER, TINNIN, PRITCHETT, and OLIVER with a screenshot showing that STANFORD was incarcerated at the Howard R. Young Correctional Institution. Stanford made bail and was released by June 2, 2017.

12. On or about June 6, 2017, at approximately 11:53 a.m., STANFORD was shot at as he walked on the southbound shoulder of Rt. 896. When the police arrived at the scene of the shooting, STANFORD advised that as he walked on the shoulder of 896, a metallic-in-color Hyundai sedan pulled up and fired several shots in his direction, none striking him. STANFORD was otherwise uncooperative with police and refused to give a description of the suspects in the vehicle, only stating that they were unknown males. Police were able to locate and recover nine (9) spent 9mm shell casings.

13. At approximately 2:02 p.m. on the same day, Elkton Police Department (EPD) responded to a utility road off of Ross St. in Elkton, Maryland for a report of a found body. They discovered a black female deceased from several gunshot wounds to her upper body and head. The black female was later identified as Keyonna PERKINS, the girlfriend of STANFORD.

14. Sometime before 2:00 p.m. on the afternoon of June 6, 2017, Defendants received information that STANFORD had been spotted near Delaware Probation & Parole's Office located at _____ in New Castle, Delaware. At approximately 2:00 p.m., PRITCETT and OLIVER, in the white pickup truck, arrived in the area of Probation & Parole in an effort to locate Stanford. PRITCHETT and OLIVER successfully located STANFORD and saw him

4

leave Probation & Parole in a white sedan. PRITCHETT and OLIVER then followed the white sedan into Wilmington. PRITCHETT'S phone was in FaceTime communication with both COOPER and TINNIN while actively pursuing STANDFORD into Wilmington. Video footage also captured a black Cadillac – consistent with a black Cadillac known to be owned and operated by COOPER – following shortly behind PRITCHETT's truck.

15. Shortly after 2:30 p.m., STANFORD was dropped off in Wilmington in the area of 6th and Spruce Streets. At approximately 2:34 p.m., OLIVER, while seated inside PRITCHETT's white truck, shot at Stanford several times using a black FNS-40C .40 caliber semi-automatic handgun. OLIVER's shots missed STANFORD but tragically struck a six-year-old boy in the head, severely and permanently injuring him. The drive-by shooting was captured on video recovered by law enforcement. Again, video footage captured a black Cadillac following closely behind PRITCHETT's truck after the shooting.

16. PRITCHETT was arrested on June 7, 2017 driving the white pickup truck.

17. Information developed during the investigation of these events showed that the defendants often possessed several cellular phones, some in other person's names. Further, the investigation showed that they often communicated with each other and others via Facetime, in order to avoid law enforcement detection.

18. During the fall months of 2017, members of the Delaware FBI Violent Crime Safe Streets Task Force investigated drug and weapons trafficking activities conducted by COOPER. On January 15, 2018, search warrants, authorized by the Superior Court for the State of Delaware were executed on COOPER's residence and vehicle. As a result of the search warrants, three (3) cell phones were seized from COOPER's residence located at             Wilmington, Delaware, and                  , Wilmington, Delaware. These

5

phones were seized by the Wilmington Police Department and placed into evidence storage. Because the phones were locked when recovered, these phones were not examined or exploited by law enforcement. Identifying properties of the telephones that were seized from COOPER were unable to be identified due to the locked status of the phones. As such, the telephone numbers and IMEI and IMSI of the telephones are unable to be identified without authorization to search the phones.

19. On September 10, 2021, your affiant took custody of the phones recovered during the COOPER searches: one black Apple I Phone, one black LG cell phone, and one black ZTE cell phone (TARGET TELEPHONES) from the Wilmington Police Department. These items were stored by the Wilmington Police Department as part of the State of Delaware investigation of COOPER. These items have been in the custody of the Federal Bureau of Investigation since that date.

## CONCLUSION

20. Based on all of the foregoing information, it is my belief that there is probable cause to believe that on the TARGET TELEPHONES, there exists evidence, and/or instrumentalities of a violation of Title 18, United States Code, Sections 1201 and 2261 as listed in Attachment B. By this affidavit and application, I request that the Court issue a search warrant to search the SUBJECT TELELPHONES, as described in Attachment A, and subsequently search the TARGET TELEPHONES, for the items listed in Attachment B.

Respectfully submitted,

Joseph M. Oliver
Special Agent
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this _____ day of October, 2021.

HONORABLE MARY PAT THYNGE
UNITED STATES MAGISTRATE JUDGE

7

## ATTACHMENT "A"

### PROPERTY TO BE SEARCHED

1. A black Apple I phone seized from MAURICE COOPER on January 15, 2018 at , Wilmington, Delaware.
2. A black LG cell phone seized from MAURICE COOPER on January 15, 2018, at Wilmington, Delaware
3. A black ZTE cell phone seized from MAURICE COOPER on January 15, 2018 at Wilmington, Delaware.

## ATTACHMENT B

### ITEMS TO BE SEIZED

1. All records on the TARGET TELEPHONE described in Attachment A that relate to violations of Title 18, United States Code, Sections 1201 and 2261 ("THE OFFENSES") since March 5, 2017, regardless of the application used to create, store, or share same, including:

   a. Text messages and other electronic communications (including but not limited to MMS messages, SMS messages, FaceTime information, and Facebook messages) regarding violations of THE OFFENSES;

   b. contact lists and related identifying information;

   c. call logs; and

   d. location information.

2. Evidence of user attribution showing who used, controlled, or owned the TARGET TELEPHONE at the time the things described in this warrant were created, edited, or deleted; such as logs, phonebooks, saved usernames and passwords, documents, communications, audio files, video files, social media accounts and posts, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

2